## Cheesman et ux. v. Yurkanin et ux.

*Frank J. Gormley*, for plaintiffs.
*M. S. DePierro*, for defendants.

LEWIS, J., June 26, 1950.—This matter comes before the court on defendants' preliminary objections to plaintiffs' complaint in an action to quiet title.

The facts in this case can be briefly stated. Plaintiffs, James Cheesman and Mary Cheesman, are the purported grantees of certain premises in the Village of South Middleton, Hazle Township, Luzerne County, Pa. These premises were purportedly conveyed to plaintiffs by deed of the Hazleton National Bank dated April 25, 1950. The record discloses that the premises were conveyed to the Hazleton National Bank by deed of the Sheriff of Luzerne County dated March 10, 1950, and recorded in the office of the Recorder of Deeds of Luzerne County in Deed Book 832, at page 472.

The record further discloses that defendants were defendants in an execution sale by the Hazleton National Bank which proceedings were filed to March term, 1950, no. 219. The sale was conducted by the Sheriff of Luzerne County on March 10, 1950. It appears from the complaint that defendants were then and are at the present time in possession of the premises in question.

Defendants through counsel filed a preliminary objection in the form of a motion for a more specific complaint. This objection was filed in conformance with Pa. R. C. P. 1017(b) (3).

The objection embodies five specific reasons which defendants allege make it impossible for them to file an answer to the complaint of plaintiffs.

The first reason assigned is that plaintiffs have failed to specifically describe the land which is the subject of the action to quiet title. Defendants allege that the failure to include a description of the premises in their complaint violates Pa. R. C. P. 1065.

It is true that the object of the present Rules of Civil Procedure is to eliminate delay and to expedite litigation. Nevertheless, rule 1065 is clear and concise, and the rule requires that plaintiff include in his complaint a description of the land involved. Nowhere in plain-

tiffs' complaint does there appear a description of the land.

It was argued by counsel for plaintiffs that under rule 1061 (a), in an action to quiet title, the procedure shall be in accordance with an action of assumpsit, and that under the authority of rule 1019 (g), which rule governs procedure in assumpsit actions, a party may incorporate by reference any matter of record which would include a reference to a record in the office of the recorder of deeds. This is partially true. However, rule 1061 (a) specifically states that the procedure in the action to quiet title shall be in accordance with the rules in an action of assumpsit except as otherwise provided in the chapter entitled "Action to Quiet Title". Rule 1065 in the section entitled "Action to Quiet Title" specifically requires that a complaint shall contain a description of the land involved.

Since we feel that the first reason assigned in defendants' motion for a more specific complaint is sufficient, we need not deal at length with the other four reasons. However, we do feel that the other four reasons are matters that should be properly included in a defendant's answer.

Defendants' preliminary objection is sustained and plaintiff is required to file an amended complaint within 10 days from the date hereof in accordance with this opinion.